IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID C. ANDREWS,                *

    Petitioner,              *

                                                         Civ. Action No. RDB-19-1259

v.                               *       Crim. Action No. RDB-15-0054

UNITED STATES OF AMERICA,        *

    Respondent.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Petitioner David C. Andrews ("Petitioner" or "Andrews") is serving a 72-month sentence in the custody of the United States Bureau of Prisons ("BOP") after pleading guilty before this Court to one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). (Indictment, ECF No. 1; Plea Agreement, ECF No. 27; Judgment, ECF No. 40.) Pending before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 43.) Also pending is Petitioner's Motion for Judgment upon the Merits, and if warranted an evidentiary hearing and appointment of counsel (ECF No. 58). This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons below, Petitioner Andrews's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 43) is

DENIED, and Petitioner Andrews's Motion for Judgment upon the Merits, and if warranted an evidentiary hearing and appointment of counsel (ECF No. 58) is DENIED AS MOOT.[1]

## BACKGROUND

On February 11, 2015, a federal grand jury in Maryland returned an indictment charging Petitioner Andrews with one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of Destruction, Alteration, or Falsification of Records in Federal Investigations, in violation of 18 U.S.C. § 1519. (Indictment, ECF No. 1.) The indictment was based on Petitioner's conduct in May and June of 2014, when Petitioner attempted to conceal possession of child pornography from investigators executing a search warrant. (Plea Agreement, Exhibit A at 2-4, ECF No. 27.) Petitioner had previously been convicted of possession of child pornography in violation of Maryland Code, Criminal Law § 11-208, in the Circuit Court for Wicomico County, Maryland. (*Id.* at 1-2.) On July 8, 2015, Petitioner pled guilty to one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Plea Agreement.[2] (ECF No. 27.)

In the Plea Agreement, Petitioner admitted that, in 2010, he distributed images of prepubescent girls engaged in sexually explicit conduct. (Plea Agreement, Exhibit A at 1-4, ECF No. 27.) Petitioner's guilty plea was entered pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), with a jointly recommended binding range of 70 to 87 months' imprisonment. (Plea Agreement ¶ 15, ECF No. 27.) Petitioner also agreed to

---

[1] After reviewing the Motions, the Court finds no need for an evidentiary hearing. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings.
[2] Petitioner consented to prosecution by information rather than indictment. (ECF No. 26.)

2

admit to the probation violation pending against him in Wicomico County, and the Wicomico County State's Attorney's Office informed the government that it intended to seek a concurrent sentence for Petitioner's probation violation. (*Id.* ¶ 13.) In addition, Petitioner affirmed that he understood "that the Bureau of Prisons has sole discretion in designating the institution at which [Petitioner] will serve any term of imprisonment imposed," and the government agreed "to concur in any request by Defendant to the Court for a recommendation as to the facility where the Defendant should be designated to serve his sentence and at the lowest applicable security level, as determined by the Bureau of Prisons." (*Id.* ¶¶ 3, 14.) Petitioner waived his right to appeal. (*Id.* ¶ 16.) On October 27, 2015, this Court sentenced Petitioner to 72 months' imprisonment, with a lifetime of supervised release. (ECF No. 37 (sealed); ECF No. 40.) Petitioner did not file a direct appeal.

On March 27, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 2241, challenging the conditions of his confinement at Fort Dix. (*See* ECF No. 43 at 2-10 (listing Case No. 1:19-cv-09136-RMB in the U.S. District Court for the District of New Jersey (Camden) as a pending case).)

On April 26, 2019,[3] Petitioner filed in this Court the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and asserted four grounds for relief: (1) "ineffective counsel"; (2) "Find the Govt. Guilty of Breach of Plea Agreement"; (3) "Find Government in Contempt Of Court For Ignoring Court Order for Vocational Training"; and

---

[3] A petition is deemed filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule. *See Houston v. Lack*, 487 U.S. 266, 272-73 (1988).

3

(4) "Failure to Comply With a Court Order." (ECF No. 43 at 4-9.) Petitioner argues that his counsel was ineffective because "Petitioner was led to understand by his Attorney Of Record that by accepting this Plea Agreement he would be able to go to a B.O.P. Camp after a reasonable amount of time and receive adequate Vocational Training as per Judicial Court Order." (*Id.* at 4.) Petitioner filed a Supplement to his Motion on May 8, 2019. (ECF No. 45.) The Government's Response (ECF No. 48) contended that the § 2255 petition was untimely because it had been filed over one year after the Judgment of this Court became final on November 10, 2015. On August 16, 2019, Petitioner filed a Reply (ECF No. 51), followed by a Supplement to the Reply on October 25, 2019 (ECF No. 54). On January 10, 2020, Petitioner filed a Motion for Judgment upon the Merits, and if warranted an evidentiary hearing and appointment of counsel. (ECF No. 58.)

## **STANDARD OF REVIEW**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (per curiam) (unpublished) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27

(1962) (citing 28 U.S.C. § 2255). When seeking relief under 28 U.S.C. § 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

### I. Petitioner's § 2255 Motion is Barred by the Statute of Limitations.

Petitioner Andrews's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 fails because it is untimely. Under § 2255(f), a one-year period of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

Because Petitioner has not shown that the limitations period should run according to § 2255(f)(2)-(4), the final date on which Petitioner could file his § 2255 motion was one year after the judgment of his conviction became final. *See* § 2255(f)(1). When a prisoner fails to submit a timely appeal, his sentence becomes final within fourteen (14) days of his sentencing. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Petitioner's Judgment of Conviction became final on November 10, 2015 (14 days after his October 27, 2015 sentencing), and the relevant limitations period expired on November 10, 2016. Petitioner's § 2255 motion was filed on April 29, 2019, two (2) years, five (5) months and nineteen (19) days after the end of the limitations period. Accordingly, the motion is untimely.

## II. Venue is Improper.

Even if Petitioner Andrews's § 2255 motion was timely, venue is improper. All of Petitioner's claims arise from disagreements with the BOP concerning his confinement, claims which are currently pending in the District of New Jersey under a 28 U.S.C. § 2241 writ of habeas corpus. (*See* ECF Nos. 43, 45, 51, 54.) A § 2241 writ of habeas corpus and a § 2255 motion to vacate, set aside, or correct sentence are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Petitioner is not challenging the validity of his conviction or sentence, but instead challenges the manner in which his sentence has been imposed. (*See* ECF Nos. 43, 45, 51, 54.) These claims are properly addressed under a § 2241 petition. Indeed, Petitioner's justification

6

for his untimely filing confirms that his claims arise from the imposition of his sentence rather than its validity: "[t]he Government did not enter into Breach Of The Plea Agreement and Contempt Of Court until denial of the Administrative Remedy...dated 7/5/2018." (*See* ECF No. 43 at 11.)

To the extent that Petitioner seeks to bring his claims under § 2241 in this Court, venue is improper. Subject matter jurisdiction of a § 2241 action lies in the federal district court where Petitioner is incarcerated or in the federal district court where Petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Petitioner is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, and he has filed a Petition for Writ of Habeas Corpus in the District of New Jersey. *See* Case No. 1:19-cv-09136-RMB (D.N.J. Mar. 27, 2019); (*see also* ECF No. 43 at 1-2.) Thus, this Court finds that jurisdiction of the instant action lies in the District of New Jersey, not in Maryland.

### III. Petitioner's Motion for Judgment and if Warranted, Evidentiary Hearing and Appointment of Counsel is Moot

Finally, on January 10, 2020, Petitioner Andrews filed a Motion for Judgment upon the Merits, and if warranted an evidentiary hearing and appointment of counsel. (ECF No. 58.) Petitioner's Motion must be denied as moot because Petitioner Andrews has "no constitutional right to counsel in habeas proceedings such as this case." *Hunter v. United States*, No. 1:09-CV-472-3-r, 2010 WL 70592 (citing *Crowe v. United States*, 175 F.2d 799, 801 (4th Cir. 1949), cert. denied., 338 U.S. 950, 70 S. Ct. 478 (1950) (explaining that the Constitution provides prisoners the right to counsel at trial, but it does not provide prisoners the right to counsel when the prisoner makes a motion attacking the judgment entered). Petitioner has

7

no constitutional right to counsel at this stage. Further, there is no need to appoint counsel for Petitioner because his post-judgment motion is denied.

## **CONCLUSION**

For the reasons stated above, Petitioner Andrews's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 43) is DENIED, and Petitioner Andrews's Motion for Judgment upon the Merits, and if warranted an evidentiary hearing and appointment of counsel (ECF No. 58) is DENIED AS MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336-38, 123 S. Ct. 1029, (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Because reasonable jurists would not find Petitioner's claims in either Motion debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: January 28, 2020.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge

8